# Exhibit 1



August 14, 2025

United States District Court for the Western District of Oklahoma
200 NW 4th Street
Oklahoma City, OK 73102

AbbVie Inc et al v. Drummond
Case No: 5:25-cv-00726-PRW

Novartis Pharmaceuticals Corporation v. Drummond
Case No: 5:25-cv-00727-PRW

Declaration of Alexis Elizabeth Ngo

I, Alexis Elizabeth Ngo, declare as follows:

1. I am the witness in the above-entitled matter. I have personal knowledge of the facts set forth in this declaration and, if called upon to testify, could and would competently testify thereto.

2. I make this declaration on behalf of INTEGRIS Health regarding our Covered Entities' participation in the 340B Drug Pricing Program. INTEGRIS Health currently operates eight hospitals that participate in the 340B program:
    a. INTEGRIS Baptist Medical Center
    b. INTEGRIS Southwest Medical Center
    c. INTEGRIS Health Enid Hospital
    d. INTEGRIS Health Miami Hospital
    e. INTEGRIS Health Grove Hospital
    f. INTEGRIS Health Ponca City Hospital
    g. INTEGRIS Health Canadian Valley Hospital
    h. INTEGRIS Health Woodward Hospital

    For each of these facilities, the 340B benefit varies given the nature of the facility but overall, participation in the 340B program is vital to our continued ability to fulfill the INTEGRIS Health mission of partnering with patients to live healthier lives.

3. Each of our 340B Covered Entities (except for INTEGRIS Health Ponca City Hospital) maintains contract pharmacy relationships. These relationships are important to realizing the full benefit of the 340B program, particularly as medication use continues to shift from the hospital settings to outpatient, at-home settings.

    For contract pharmacy arrangements, INTEGRIS Health utilizes a third-party administrator (TPA) to assist with 340B claims qualification. Our contract pharmacies operate under a replenishment model. The standard process for qualifying 340B contract pharmacy claims at INTEGRIS Health is as follows:
    a. Prescription Dispensed: A patient fills a prescription at a retail pharmacy that has a contractual agreement with an INTEGRIS Health 340B Covered Entity.
    b. Eligibility Review: The TPA electronically evaluates each prescription to determine whether the prescription meets the 340B eligibility criteria, based on the 340B program requirements and policies and procedures established by the INTEGRIS Health Covered Entity.
    c. Accumulation: If the prescription is deemed 340B eligible, the TPA accumulates the dispensed units until a full package size is reached.
    d. Replenishment: Once a full package size has accumulated, a replenishment order is placed at 340B pricing. The invoice is paid by the Covered Entity, and the replenishment package is shipped to the contract pharmacy.
    e. Revenue Sharing: The contract pharmacy remits revenue from the prescription back to the Covered Entity, minus an agreed-upon dispensing fee.



The replenishment model is common in the industry to determine 340B prescription eligibility as prescriptions presented to a retail pharmacy may or may not be associated with the Covered Entity since retail pharmacies serve a variety of patients. The replenishment model allows each prescription to be tested against a pre-defined algorithm determined by the Covered Entity to assess 340B eligibility.

INTEGRIS Health pays an established fee to the TPA for its services. Implementing this model using only internal INTEGRIS Health resources is not feasible due to the complexity of the 340B program requirements, healthcare delivery, and technological resources. INTEGRIS Health has a dedicated 340B team that conducts monthly internal audits of this process. INTEGRIS Health also utilizes a different third party consultant to conduct annual external audits of this process to ensure compliance. We strive to maintain a compliant program.

4. HB 2048 addresses limitations imposed by drug manufacturers on access to 340B-priced medications—commonly referred to as "manufacturer restrictions". These restrictions vary but often require Covered Entities to designate only one contract pharmacy, sometimes with distance limitations. Since the INTEGRIS Health Covered Entities do not currently operate any 340B in-house pharmacies, these restrictions require INTEGRIS Health Covered Entities to choose a single contract pharmacy per manufacturer, depending on the specific drugs and terms involved. HB 2048 would allow INTEGRIS Health Covered Entities to access the 340B benefit through multiple contract pharmacies that align with where patients choose to fill their prescriptions. INTEGRIS Health Covered Entities provide millions of dollars annually in community benefit across Oklahoma, including uncompensated care, financial assistance, and other charitable services. Enforcement of HB 2048 would expand opportunities to capture 340B savings and reinvest them into essential community health services.

5. The financial benefits of the 340B program enable INTEGRIS Health Covered Entities to support services that operate at low and negative margins as well as expand services lines. For example, INTEGRIS Baptist Medical Center operates the Nazih Zuhdi Transplant Institute which provides a vital service to Oklahoma but operates at a financial loss to the facility. At INTEGRIS Baptist Medical Center, the 340B benefit have also supported the expansion of oncology services, significantly reducing patient wait times. In INTEGRIS Health's rural hospitals, the 340B program has made it possible to offer expanded maternal health, infusion therapy, and oncology services.

Like many healthcare systems across the country, INTEGRIS Health faces growing financial challenges as reimbursement rates have not kept pace with inflation and the rising cost of delivering care. This gap places significant strain on our ability to sustain and expand services, particularly in rural and underserved areas. The 340B Drug Pricing Program helps offset these shortfalls by allowing our Covered Entities to stretch limited resources further. The 340B benefit allows us to continue providing essential services that might otherwise be financially unsustainable, ensuring that patients across Oklahoma maintain access to comprehensive, high-quality care.

I declare under penalty of perjury under the laws of the State of Oklahoma that the foregoing is true and correct.

Executed on August 14, 2025 at Oklahoma City, Oklahoma.

*Alexis Ngo*

**Alexis Ngo, PharmD**
Director of Pharmacy Business Services
INTEGRIS Health
3300 NW Expressway
Oklahoma City, OK, 73112
Alexis.Ngo@INTEGRISHealth.org