UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ABBVIE INC., *et al.*,<br><br>　　　　　　　　　*Plaintiffs,*<br>v.<br><br>GENTNER DRUMMOND, in his official capacity as ATTORNEY GENERAL.<br><br>　　　　　　　　　*Defendant.* | No. 5:25-cv-00726-PRW |

### DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER

Defendant respectfully moves to stay discovery in this case,[1] and for a protective order to preclude enforcement of the subpoenas issued by AbbVie to third-party covered entities and their employees. The Court should stay discovery pending resolution of Defendant's appeal to the Tenth Circuit. The Court should also issue a protective order staying the return dates for the subpoenas until after the Court has entered a scheduling order in this case after remand from the Tenth Circuit.

**I.　　Background**

On October 31, 2025, the Court granted in part the motions for preliminary injunction filed by Plaintiffs AbbVie Inc. et al ("AbbVie"), Novartis Pharmaceuticals Corporation ("Novartis") and AstraZeneca Pharmaceuticals LP ("AstraZeneca"). (*AbbVie*, Doc. 7; *Novartis*, Doc. 15; and *AstraZeneca*, Doc. 13). Plaintiff Pharmaceutical Research and

---

[1] To the best of Defendant's knowledge, AbbVie is the only drug manufacturer to seek discovery thus far in the various cases challenging HB 2048, therefore this motion is limited to this specific case. Defendant reserves the right to file a similar motion in the other cases should the circumstances change.

1

Manufacturers of America ("PhRMA") subsequently filed a Complaint for Declaratory and Permanent Injunctive Relief on November 3, 2025. *(PhRMA,* Doc. 1). Defendant intends to appeal the Court's Order in accordance with applicable procedural rules and deadlines.

Prior to the Court's Order, AbbVie served Subpoenas Duces Tecum on third-party covered entities Duncan Regional Hospital, Inc., INTEGRIS Health, Inc., Jackson County Memorial Hospital Authority, Stillwater Medical Center Authority, and OU Medicine, Inc. AbbVie also served deposition subpoenas on employees of these covered entities. AbbVie filed a Motion for Expedited Discovery, alleging a supposedly urgent need for the documents and depositions sought by the subpoenas prior to the hearing before the Court on AbbVie's motions for preliminary injunction. Doc. 65. The Court denied AbbVie's Motion for Expedited Discovery finding that "it is far from clear that the purported factual disputes are actually material to the Court's decision on the injunction." Doc. 70.

AbbVie's subpoenas seek voluminous documentation from the covered entities who are not parties to the litigation. *See generally* Docs. 40–45. AbbVie's requests are expansive in scope (potentially thousands of documents) and include a wide range of categories over nearly a five-year period. Many of the documents demanded include trade secrets, confidential commercial information, or documents subject to privilege. The documents requested by AbbVie include contracts between the covered entities and other entities that are not parties to the case. Defendant met and conferred about the scope of the documents subpoenas before the preliminary injunction hearing. Defendant further understands that each of the five subpoenaed third parties have submitted written objections to the subpoenas to AbbVie's

counsel on September 29, 2025.[2]

## II.    The Court Should Stay Discovery Pending Appeal.

There is no urgency requiring discovery to move forward in this case while an appeal of the Court's Order granting AbbVie's motion for preliminary injunction is pending in the Tenth Circuit. The original basis for AbbVie's expedited discovery requests was for documents and depositions that AbbVie contended were needed to support its Motion for Preliminary Injunction prior to the Court's hearing on the motion. The Court granted in part AbbVie's motion for a preliminary injunction to preclude Defendant from enforcing HB 2048, which was set to take effect on November 1, 2025. And the Court granted AbbVie's requested injunctive relief without the documents and depositions demanded by AbbVie's subpoenas. As a result, the issues that are the basis for AbbVie's discovery requests are already resolved in AbbVie's favor by the Court's order enjoining Defendant from enforcing HB 2048. Moreover, this Court's order focused legal grounds and arguments, as opposed to contested factfinding. Despite this, AbbVie seeks to press forward with both the document and deposition subpoenas even while Defendant's appeal of the Court's order is pending before the Tenth Circuit.

This Court has the authority to stay the proceedings in this case pending the Tenth's Circuit's consideration of Defendant's appeal of the Court's order granting AbbVie's motion for preliminary injunction. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of

---

[2] This includes objections to the documents and deposition subpoenas issued to the third parties' employees. See Docs. 40–56.

3

time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Cole v. Ruidoso Mun. Schs.,* 43 F.3d 1373, 1386 (10th Cir. 1994) ("As a general rule, discovery rulings are within the broad discretion of the trial court."). "In considering a stay, courts must 'weigh competing interests and maintain an even balance between the court's interests in judicial economy and any possible hardship to the parties.'" *Nat'l Indus. for the Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 137 (D.D.C. 2017) (citing *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 732–33 (D.C. Cir. 2012)).

The Court also has authority grant a protective order staying the return dates on AbbVie's subpoenas to third-party covered entities and their employees pending resolution of Defendant's forthcoming appeal at the Tenth Circuit. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:
>
> (A)  forbidding the disclosure or discovery;
> (B)  specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . . .

Here, the Court should stay discovery, grant Defendant's request for a protective order, and hold this case in abeyance pending the Tenth Circuit's decision on Defendant's appeal. The Court has already issued the preliminary injunction sought by AbbVie in this case. Staying discovery and granting the protective order pending the Tenth Circuit's resolution of the appeal is in the best interest of judicial economy and will not prejudice AbbVie.

The Southern District of West Virginia reached a similar result recently, rejecting AbbVie's attempt to pursue discovery while an appeal was pending. *See AbbVie Inc. v. McCuskey*, No. 2:24-CV-00298, 2025 WL 2550046, at *1 (S.D. W.Va. Sept. 4, 2025). As this Court is aware, the Southern District of West Virginia enjoined a comparable West Viginia law. Indeed, this Court relied extensively on that decision in issuing an injunction here. *See AbbVie*, Doc. 79 at *14–16 (citing *Pharm. Rsch & Mfrs. of Am. v. Morrisey*, 760 F. Supp. 3d 439 (S.D. W.Va. 2024)). Following the preliminary injunction in West Virginia, AbbVie and the West Virginia's Attorney General filed competing discovery motions. *See McCuskey*, 2025 WL 2550046, at *1. AbbVie sought to compel compliance with documents and deposition subpoenas issued to third parties. *See id.* at **1–2. West Virginia's Attorney General, on the other hand, sought a stay of discovery pending the Fourth Circuit's appeal of the district court's preliminary injunction. *Id.*

The Southern District of West Virginia granted the West Virginia Attorney General the stay, reasoning that allowing discovery to proceed could lead to duplicative discovery.[3] *Id.* at *4. Additionally, the court explained, "there is no indication from Plaintiffs that the third-party discovery they seek is time-sensitive or that any delay in conducting the requested discovery would unjustly prejudice Plaintiffs, especially in light of the preliminary injunction currently enjoining Defendants from enforcing West Virginia Code § 60A-8-6a against them." *Id.* The same circumstances are present here, and this Court should follow the same path.

There is no indication and no evidence to suggest that the third-party discovery AbbVie

---

[3] In the West Virginia cases, the defendants sought consolidation of four related cases, filed by the same parties who filed in Oklahoma: AbbVie, AstraZeneca, Novartis, and Pharmaceutical Research and Manufacturers of America. *See id.* at *1 n.1.

5

seeks is time-sensitive or that any purported delay in conducting discovery that may be alleged by AbbVie would unjustly prejudice AbbVie. This is particularly true in light of the preliminary injunction currently enjoining Defendant from enforcing pertinent sections of HB 2048 against AbbVie. Moreover, in the Joint Status Report and Discovery Plan (Doc. 67), the parties mutually agreed to a September 1, 2026 discovery deadline. Clearly, the discovery currently sought by AbbVie cannot be considered time sensitive. Granting a stay of discovery in this case would not prejudice AbbVie.

In addition, Defendant understands that the five covered entities that have been subpoenaed may have to litigate the objections they have lodged to AbbVie's broad subpoenas. These third parties should not be required to litigate their objections to AbbVie's subpoenas given that the Tenth Circuit's ruling could alter the scope of any discovery that may be allowed in this case, if any. It is currently premature for this Court to decide discovery-related issues pending a decision by the Tenth Circuit.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that the Court enter orders in this case:

1) Staying all discovery in the case and holding the case in abeyance until after the Tenth Circuit's decision on Defendant's appeal.

2) Granting the Defendant's motion for protective order to preclude AbbVie from moving forward with enforcement of the document and deposition subpoenas until after the Tenth Circuit has ruled on Defendant's appeal

Respectfully submitted,

*s/ Will Flanagan*
GARRY M. GASKINS, II, OBA 20212
  *Solicitor General*
ZACH WEST, OBA 30768
  *Director of Special Litigation*
WILL FLANAGAN, OBA 35110
  *Assistant Solicitor General*

OFFICE OF ATTORNEY GENERAL
 STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105
Phone:  (405) 521-3921
Garry.Gaskins@oag.ok.gov
Zach.West@oag.ok.gov
William.Flanagan@oag.ok.gov
*Counsel for Defendant*